IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BARRY GAINES, | § | |
| #19045055, | § | |
| PETITIONER, | § | |
| | § | |
| v. | § | CIVIL CASE NO. 3:19-CV-3051-N-BK |
| | § | |
| SHERIFF MARIAN BROWN, | § | |
| RESPONDENT. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Petitioner Barry Gaines's *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2241 was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition. As detailed herein, the petition should be summarily **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

**I. BACKGROUND**

Gaines, a state pretrial detainee confined in the Dallas County Jail, challenges the criminal charge pending against him. He is presently awaiting trial on an indictment charging him with driving while intoxicated with three or more previous convictions of the same. *State v. Gaines*, No. F1955295 (Crim. Dist. Court No. 1, Dallas Cty.); Doc. 3 at 3.[1] Gaines requests that the criminal charge be dismissed and that he be released from confinement because of

---

[1] The state court docket sheets are available at http://courtecom.dallascounty.org/publicaccess/ (last accessed Jan. 7, 2020).

Page **1** of **4**

constitutional violations stemming from his unlawful arrest, unreasonable detention, and defective indictment. Doc. 3 at 5-6, 9.²

Upon review, the Court finds that Gaines has failed to exhaust available state-court remedies. Therefore, his petition should be dismissed.

**II. ANALYSIS**

A habeas corpus petition under 28 U.S.C. § 2241 is subject to summary dismissal if it appears on its face that the petitioner is not entitled to relief. *See Wottlin v. Fleming*, 136 F.3d 1032, 1034 (5th Cir. 1998) (affirming summary dismissal under section 2241 without ordering an answer from respondent); *see also* Rule 4 of the RULES GOVERNING SECTION 2254 CASES (providing for summary dismissal of a habeas petition).³

In light of his *pro se* status, the Court liberally construes Gaines' petition to request pretrial habeas relief under 28 U.S.C. § 2241(c), which applies to a person "in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against [him]." *Hartfield v. Osborne*, 808 F.3d 1066, 1071 (5th Cir. 2015) (quoting *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987)). A pretrial detainee, however, must fully exhaust available state remedies before seeking federal habeas relief. *Montano v. Texas*, 867 F.3d 540, 542–43 (5th Cir. 2017) (citing *Dickerson*, 816 F.2d at 225). This entails submitting the factual and legal basis of any claim to the Texas Court of Criminal Appeals.

---

² Gaines also seeks monetary relief for civil rights violations stemming from his medical disabilities and the deliberate indifference of jail medical staff. Doc. 3 at 6-8. Because those claims are not cognizable in this habeas corpus action, they have been severed from this action.
³ Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts renders the 2254 Rules applicable to habeas petitions not covered by section 2254.

*Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993) (citations omitted); *Curtis v. Garza Cty. Jail*, No. 5:18-CV-205-M-BQ, 2019 WL 5698802, at *2 (N.D. Tex. Oct. 8, 2019), *adopting R. & R.*, 2019 WL 5697895 (N.D. Tex. Nov. 4, 2019). Exceptions exist only "where the available ... remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action." *Montano*, 867 F.3d 542-43 (internal quotations and quoted case omitted).

In the pre-conviction context, a detainee confined after a felony indictment may file an application for writ of habeas corpus pursuant to Article 11.08 of the Texas Code of Criminal Procedure in the court in which he is indicted. *See* TEX. CODE CRIM. PROC. ANN. ART. 11.08 (West 2020). If the trial court denies habeas relief under Article 11.08, the applicant can take a direct appeal to an intermediate appellate court and then petition for discretionary review by the Texas Court of Criminal Appeals. *See, e.g., Ex parte Twyman*, 716 S.W.2d 951, 952 (Tex. Crim. App. 1986) (citing *Ex parte Payne*, 618 S.W.2d 380, 382 n. 5 (Tex. Crim. App. 1981) (citations omitted)); *Curtis*, 2019 WL 5698802, at *2

Gaines concedes that he has not satisfied the exhaustion requirement. A review of his *Petition* confirms that he did not file a state habeas application raising his claims. Doc. 3 at 2 and 7 (acknowledging no exhaustion and verifying only the filing of motions to quash indictment and for discovery and inspection). Therefore, the Texas Court of Criminal Appeals has not had an opportunity to consider Gaines' claims and, consequently, they remain unexhausted.

### III. CONCLUSION

For the foregoing reasons, the habeas corpus petition should be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

**SO RECOMMENDED** on February 21, 2020.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).